UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORMA ESTRELLA ZAVALA, et al.,<br><br>Petitioners,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:25-cv-02627-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–21; Dkt. 3 ¶¶ 2–4; Dkt. 4 ¶¶ 2–4; Dkt. 5 ¶¶ 2–4; Dkt. 6 ¶¶ 2–4; Dkt. 7 ¶¶ 2–4; Dkt. 8 ¶¶ 2–4; Dkt. 9 ¶¶ 2–4. Petitioners Jessenia Romero Matamoros and Jose Ismael Recinos-Acosta each requested a bond hearing before an Immigration Judge ("IJ"), and both were denied on the basis that they were subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 10-6 at 2; Dkt. 10-10 at 2. Romero Matamoros received bond in the alternative in the amount of $20,000. Dkt. 10-6 at 2. Recinos-Acosta did not receive an alternative bond order. Dkt. 10-10 at 2. Petitioners Norma Estrella Zavala, Alfonso Campos Garcia, Alejandro Murillo-Gil, Irma

Velasquez Gomez, Rafael Cisneros Gamino, and Benito Sandre Gomez have not yet received bond rulings. *See* Dkt. 1 ¶¶ 4–11, 15–18; Dkt. 16 at 4.

On December 19, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 40–44. On December 20, Federal Respondents filed a return to the habeas petition. Dkt. 16. On December 22, Petitioners filed a traverse. Dkt. 17. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 40–44. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 16 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must either release Petitioner Jessenia Romero Matamoros or allow her release upon payment of the alternative bond amount of $20,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3. Within fourteen days of receiving Petitioner Jose Ismael Recinos-Acosta's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4. Within fourteen days of receiving Petitioner Norma Estrella Zavala's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

5. Within fourteen days of receiving Petitioner Alfonso Campos Garcia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6. Within fourteen days of receiving Petitioner Alejandro Murillo-Gil's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Petitioner Irma Velasquez Gomez's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

8. Within fourteen days of receiving Petitioner Rafael Cisneros Gamino's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9. Within fourteen days of receiving Petitioner Benito Sandre Gomez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 23rd day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4